UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-11232-DMG (JCx)** | Date | May 16, 2025 |
| Title | *Lilit Tadevosyan v. Kia America, Inc., et al.* | Page | **1** of 3 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [10]**

## I.
## BACKGROUND

In March 2024, Plaintiff Lilit Tadevosyan started leasing a new 2024 Kia EV6 ("the vehicle"). Declaration of Hovanes Margarian ("Margarian Decl.") ¶ 3 [Doc. # 10-1]. Tadevosyan alleges that the vehicle began showing multiple defects approximately three months into her possession of the vehicle. *Id.* She took the vehicle on several occasions to authorized repair facilities, but the defects persisted. *Id.* On November 15, 2024, Tadevosyan filed a complaint in Los Angeles County Superior Court against Defendants Kia America, Inc. and Moreno Valley K, Inc.,[1] alleging the following nine causes of action: (1) fraud and deceit, (2) breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA"), (3) breach of implied warranty under the MMWA, (4) breach of express warranty under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), (5) breach of implied warranty under the Song-Beverly Act, (6) violation of California's Business & Professions Code § 17200 *et seq.*, (7) violation of California's Business & Professions Code § 17500 *et seq.*, (8) negligence, and (9) strict liability. *See generally* Compl. [Doc. # 1-1].

Defendants removed the action to this Court on December 31, 2024 invoking federal question jurisdiction. *See* 28 U.S.C. § 1331; [Doc. # 1 ("NOR").] On January 30, 2025, Tadevosyan filed a motion to remand the action to state court. [Doc. # 10 ("MTR").] The MTR is fully briefed. [Doc. ## 16 ("Opp."), 21 ("Reply").] For the following reasons, the Court **DENIES** the MTR.

//
//

---

[1] Defendant Moreno Valley K, Inc. was dismissed from this action on February 26, 2025. [Doc. # 15.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-11232-DMG (JCx) | Date | May 16, 2025 |
| Title | *Lilit Tadevosyan v. Kia America, Inc., et al.* | Page | **2** of 3 |

## II.
## DISCUSSION

Tadevosyan argues that this action should be remanded to state court because Defendants failed to show by a preponderance of the evidence that her claims satisfy the MMWA's $50,000 amount in controversy requirement. Margarian Decl. ¶ 7; *see* 15 U.S.C. § 2310(d)(3)(b) ("No claim shall be cognizable in a suit brought [in federal court] . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit . . . ."). Defendants contend that it is evident from the face of Tadevosyan's Complaint that the amount in controversy requirement is met because Tadevosyan lists recovery of "Eighty-Two Thousand Three Hundred Seventy Dollars and Twenty-Three Cents ($82,370.23) in damages" in her Prayer for Relief. Opp. at 5; Compl. at 35.[2] Defendants are correct.

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The relevant inquiry is thus "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id.* at 1205. Because the MMWA is silent on the question of remedies, courts "turn[] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005); *see also Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1117 (C.D. Cal. 2007) ("[C]ourts must look to state substantive law to determine the remedies for breach of an express warranty.").

The Song-Beverly Act allows plaintiffs to recover both actual damages and up to two times the amount of actual damages in civil penalties if they can establish that the defendant's violation of the Song-Beverly Act was willful. *See* Cal. Civ. Code § 1794(c). Tadevosyan alleged in her Complaint that Defendants "willfully" violated the Song-Beverly Act and that she is therefore entitled to civil penalties. Compl. ¶ 72; *see also* Compl., Ex. C ("Defendants' failure to [refund Plaintiff] constitutes a willful breach of the warranty terms and entitles our client to a recovery of civil penalties"). Despite Tadevosyan's arguments otherwise, it is proper for the Court to consider potential civil penalties in its calculation of the amount in controversy. Courts have often held that the Song-Beverly Act's civil penalty "is akin to punitive damages," *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002), and "it is well-established that punitive

---

[2] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 24-11232-DMG (JCx)** | Date | May 16, 2025 |
| Title | *Lilit Tadevosyan v. Kia America, Inc., et al.* | Page | **3** of **3** |

damages are part of the amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

Tadevosyan's Prayer for Relief requests a civil penalty *and* $82,370.23 in damages, but in her MTR, she asserts that the $82,370.23 amount was inclusive of all requested civil penalties and costs, and that her actual damages amount to only $17,415.44. MTR at 7-8. Even accepting this representation as true, however, the amount in controversy would still total over $52,000 ($17,415.44 + ($17,415.44 x 2) = $52,246.32) and thus satisfy the MMWA's $50,000 threshold.[3] Accordingly, Defendants' removal of the action to this Court was proper.

### III.
### CONCLUSION

In light of the foregoing, the Court **DENIES** Tadevosyan's MTR.

**IT IS SO ORDERED.**

---

[3] Because the amount in controversy is satisfied through consideration of Tadevosyan's actual damages and potential civil penalties under the Song-Beverly Act, the Court need not address the issue of attorneys' fees.